<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIA JOSE CARRASCOSA, | : | |
| | : | Civil Action No. 15-5956 (JMV) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| JOHN J. HOFFMAN, Acting Attorney General of New Jersey, and KEVIN O'BRIEN, Officer, New Jersey Division of Parole, | : : : : | |
| | : | |
| Respondents. | : | |

APPEARANCES:

Maria Jose Carrascosa
c/o Our Lady of Perpetual Help
111 Claremont Road
Bernardsville, NJ 07924
   Petitioner, *pro se*

Annmarie Cozzi
Senior Assistant Prosecutor
Bergen County Prosecutor's Office
Bergen County Justice Center
10 Main Street
Hackensack, NJ 07601
   on behalf of Respondent.

**VAZQUEZ, District Judge**

  This matter is before the Court upon Petitioner's letter request for judicial notice (ECF No. 16), and her self-styled application for an "Order to Show Cause for a Preliminary Injunction and a Temporary Restraining Order." (ECF No. 17.) For the reasons discussed below, the Court construes the request for judicial notice as a motion to amend, and denies the application for an order to show cause for a preliminary injunction and temporary restraining order.

I.   BACKGROUND

The procedural history of this case was recently summarized by the Third Circuit Court of Appeals:

> In November 2009, Carrascosa was found guilty following a jury trial in the Bergen County, New Jersey Superior Court of eight counts of interference with custody and one count of fourth degree contempt of a judicial order. On December 23, 2009, Carrascosa was sentenced to an aggregate term of imprisonment of 14 years. In November 2011, the Appellate Division of the New Jersey Superior Court dismissed Carrascosa's direct appeal because of deficiencies in her brief. The Appellate Division then gave Carrascosa until January 27, 2012 to file a proper merits brief or suffer the permanent dismissal of her appeal. Carrascosa did not file a conforming merits brief by this date.
>
> In August 2013, Carrascosa filed a petition for writ of habeas corpus, 28 U.S.C. § 2254, in the United States District Court for the District of New Jersey, challenging the 2009 conviction and sentence, *see Carrascosa v. Warden*, D.N.J. Civ. No. 12–cv–05173. The District Judge then assigned to the case, the Honorable Susan D. Wigenton, denied the petition in December 2013. On January 20, 2015, we denied Carrascosa's request for a certificate of appealability, *see* C.A. No. 14–1074, but noted in our order that the dismissal of the petition was without prejudice to the filing of another habeas corpus petition once state court remedies were exhausted. We subsequently denied Carrascosa's petition for rehearing en banc.
>
> In February 2015, Carrascosa moved in the Appellate Division of the New Jersey Superior Court to reinstate her appeal and to vacate that court's November 2011 dismissal. By order filed on March 18, 2015, the Appellate Division denied her motion. Carrascosa then filed a petition for writ of mandamus in this Court, in which she argued that her habeas corpus case could now proceed because she had no remaining state court remedies.
>
> We denied the mandamus petition by way of an opinion filed on June 11, 2015, *see In re: Carrascosa*, 616 Fed.Appx. 475 (3d Cir. 2015), and noted that Carrascosa could either move to have her habeas corpus case reopened or, more properly, file a new petition in the District Court.
>
> On August 4, 2015, a new habeas corpus case was opened on Carrascosa's behalf by Judge Wigenton at D.C. Civ. No. 15–cv–

> 05956. On August 7, 2015, Carrascosa filed an amended petition, in which she argued that trial counsel was ineffective, that the prosecutor committed misconduct, and that she is actually innocent of the interference and contempt convictions. The State submitted an answer to the petition and the state court record, including the transcripts from the trial. In pertinent part, the State renewed its argument that Carrascosa's claims were barred due to a procedural default, because she knowingly and voluntarily waived her right to counsel on direct appeal and then failed to comply with the state court rules governing the filing of briefs. In the alternative, the State argued that Carrascosa's claims were meritless. On November 25, 2015, Carrascosa submitted a reply to the State's answer.
>
> Carrascosa's habeas corpus petition remains pending in the District Court. However, the civil docket indicates that the case was reassigned by the Chief Judge of the District Court from Judge Wigenton to the Honorable John Michael Vasquez on February 29, 2016.
>
> On September 22, 2016, Carrascosa submitted an affidavit in support of an Order to Show Cause, requesting that the District Court terminate her parole supervision pending the outcome of her habeas corpus case. Carrascosa argued that her sentence of 14 years "was served over 900 days ago," taking into account her good conduct time and a "proper" computation of her sentence.
>
> The instant mandamus petition followed. In it, Carrascosa asks us to direct the District Court to decide her September 22, 2016 Order to Show Cause, or, in the alternative, to decide her habeas corpus petition. Petition, at 1. She argued that her "max date passed over 900 days ago," Petition, at 5–6 (emphasis in original), and that, despite having served her sentence, she remains under parole supervision in New Jersey, *id.* at 6. She further argued that her habeas corpus petition has been pending in the District Court since briefing was completed by the filing of her reply to the State's answer on November 25, 2015. *Id.* at 8.

*In re Carrascosa*, No. 16–3993, 2016 WL 6677632 (3d Cir. Nov. 14, 2016) (per curiam).

The Third Circuit denied Carrascosa's petition for a writ of mandamus, stating, in pertinent part:

> Carrascosa has not shown a clear and indisputable right to a decision on her September 22, 2016 Order to Show Cause. The Order and supporting affidavit were filed just over a month ago, and, in view

3

> of the fact that Carrascosa received a 14–year sentence and that her assertion that her maximum sentence has expired is wholly unsupported and undocumented, she has not shown a clear and indisputable right either to an immediate decision on the Order to Show Cause or to be released from parole.

*Id.* at *2. Petitioner's Judgment and Conviction, submitted with the state court record, shows that she received credit for time served from November 21, 2006 until December 23, 2009, for a total of 1,129 days. *Id.* at *2, n.1; (ECF No. 10-2 at 2.) The record does not show any other credits that Petitioner received when she was released from Bergen County Jail in April 2015.

II. DISCUSSION

    A. <u>Request for Judicial Notice</u>

In her request for judicial notice, Petitioner raised a new ground(s) for habeas relief under 28 U.S.C. § 2254, based on the execution of her sentence. A habeas petition must "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested." Rule 2(c), Rules Governing Section 2254 cases in the United States District Courts. Therefore, the Court will treat Petitioner's request for judicial notice as a motion to amend her petition to add an additional claim(s) for relief.

Petitioner filed her amended habeas petition under 28 U.S.C. § 2254 on August 7, 2015. (ECF No. 4.) She advised the Court that she had been released from Bergen County Jail on April 24, 2015, and is under parole supervision by Parole Officer Kevin O'Brien. (ECF No. 15-1 at 19-20.) On August 17, 2016, in the cover letter to her request for judicial notice, Petitioner stated:

> Please find enclosed for filing . . . a letter motion for Judicial Notice that the sentence imposed on the undersigned, despite of its illegality, has already been served and the undersigned continues under Parole despite of the term having ended.

(ECF No. 16-1.)

4

Also in the request for judicial notice, Petitioner asked the Court to summon her parole officers and his superiors to confirm that they do not have a copy of the file "for the false institutional charges." (ECF No. 16 at 4.) Petitioner argued that false institutional charges added time to her sentence, but she did not describe the charges or why they were false. (*Id.*) She further stated, "I HAVE SERVED the sentence above and beyond the statutory time, above and beyond 66%, and I continue over 870 days serving a time for a sentence already served and that was illegal from the get go." (*Id.* at 15.)

A petitioner must raise all claims for relief from a state court conviction and sentence in one habeas petition under § 2254. *See Rose v. Lundy*, 455 U.S. 509, 520 (1982) ("strict enforcement of the exhaustion requirement will encourage habeas petitioners to exhaust all of their claims in state court and to present the federal court with a single habeas petition"). If a petitioner fails to do so, she risks being barred from raising new claims in a second or successive petition, unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A-B).

In *Benchoff v. Colleran*, the Third Circuit addressed the application of the second or successive provisions of 28 U.S.C. § 2244(b)(2) in a case where the petitioner challenged his state court conviction and sentence in his first § 2254 petition, and then filed a subsequent § 2254

5

petition challenging the administration of his sentence by the parole board. 404 F.3d 812, 818 (3d Cir. 2005). The Third Circuit noted that there was no statutory or precedential authority distinguishing between § 2254 petitions that challenge the conviction and sentence from petitions that challenge the administration of the sentence arising from that conviction. *Id.* at 819. Therefore, where the petitioner had knowledge of the factual basis for his challenge to the parole board's administration of his sentence before he filed his first § 2254 habeas petition, the substantive and procedural requirements of § 2244(b)(2) applied to the petitioner's subsequent petition. *Id.* at 820.

In Petitioner's case, it is unclear when she learned the factual predicate for her claim challenging the computation of her sentence. She came under parole supervision on April 24, 2015, and she filed her amended habeas petition on August 7, 2015. In any event, the Court will permit Petitioner to file an amended habeas petition raising her new claim(s). Petitioner should be aware that she must provide more information about this claim(s) in her amended petition, including how her sentence was calculated and when, the deficiencies in the calculation of her sentence, and how she exhausted her claim at the state level that the sentence calculation was incorrect.

Importantly, if Petitioner amends her habeas petition to include the challenge to the calculation of her sentence and such claim has not been exhausted, the Court is required to dismiss the petition until all claims have been exhausted. Habeas courts must dismiss mixed petitions, those containing exhausted and unexhausted claims. *Rose*, 455 U.S. at 522. If the amended petition is a mixed-petition, Petitioner runs the risk of being barred by the statute of limitations when she refiles her habeas petition after exhausting her new claim(s). *Rhines v. Weber*, 544 U.S

269, 275 (2005). Under certain circumstances, a habeas court can stay a mixed-petition to avoid the statute of limitations problem. *Id.* at 277.

> [S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.* If Petitioner chooses not to amend her petition to add a new claim(s), she must notify the Court in writing that she has chosen to proceed with her present petition as filed, in other words, without contesting her sentence calculation. *See Mason v. Myers*, 208 F.3d 414, 418 (3d Cir. 2000) (a district court must notify a petitioner that she may have her petition ruled upon as filed, however future petitions may be subject to the second or successive provisions of 28 U.S.C. § 2244(b)(2); or a petitioner may withdraw the petition and file one all-inclusive petition, subject to the one-year statute of limitations, after exhausting all claims).

    B.    <u>Order to Show Cause</u>

On September 16, 2016, Petitioner filed an application for an order to show cause and for a preliminary injunction and temporary restraining order in this matter, pursuant to Federal Rule of Civil Procedure 65. (ECF No. 17.) For relief, Petitioner requested the following:

> • that Respondents be ordered to show cause why this Court should not issue a preliminary injunction, during the pendency of this habeas proceeding, enjoining Respondents from "keeping Petitioner restrained from freedom and movement, since the sentence imposed upon her has already been served above and beyond the legal statutory legal time;"
>
> • pending a hearing on Petitioner's application for preliminary injunction "temporarily restrain[ing] and enjoin[ing] [Respondents] from further prosecuting Petitioner and or keeping her restrained of her freedoms, liberties and movement;"

7

- granting habeas corpus from parole and State of New Jersey custody;

- vacating Petitioner's conviction and sentence:

    if the State does not produce the entirety of the criminal trial video and original transcripts below listed, as well as the entirety of the evidence used to prosecute for their due analysis as requested by Petitioner, in within 10 days from today, considering that they have been ordered to do so since July 12 2014 at 12.cv.5173 and since August 12 2015 in this docket and to date have not complied with this Court's Orders;

- vacating and declaring void Petitioner's divorce proceedings in family court in New Jersey, Case No. FM 02.1247.05;

- permitting Petitioner to file a complaint for damages against Peter Innes for violation of a prenuptial agreement held by the Archbishop of Valencia in Spain;

- informing the FBI that Petitioner is cleared of any wrongdoing;

- issue a finding that Petitioner was maliciously prosecuted and never afforded a defense;

- return Petitioner's immigrant and permanent resident status.

(ECF No. 17-2.)

A court considering a motion for temporary restraining order should consider "(1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." *Miller v. Skumanick*, 605 F.Supp.2d 634, 641 (M.D. Pa. 2009) (quoting *Crissman v. Dover Downs Entertainment Inc.*, 239 F.3d 357, 364 (3d Cir. 2001)). For a preliminary injunction, a movant must establish a likelihood of success on the merits. *Snee v. Barone*, 359 F. App'x 281, 284 (3d Cir. 2009).

Here, Petitioner has not shown a likelihood of success on the merits of her petition because her claims of actual innocence and cause and prejudice to excuse procedural default are not likely to succeed. Under the circumstances, granting preliminary relief is not in the public interest.

First, as to cause and prejudice, it appears that Petitioner is largely to blame for the failure to timely file a conforming brief to perfect her direct appeal, despite clear notice and a reasonable opportunity to do so. Petitioner did not heed the Appellate Division's instructions to not challenge the findings of the New Jersey Family Court decision in her criminal appeal. (*See e.g.* ECF No. 10-14.) Additionally, she did not file the Appendix to her brief without special assistance because she believed the prison administrators or others would tamper with the evidence if she placed it in the prison mail. (*See e.g.* ECF Nos 10-11; 10-12 at 5.)

Second, Petitioner's claim of actual innocence is not likely to succeed in excusing her procedural default. Petitioner's evidence that she took her daughter to Spain because her ex-husband was poisoning her and her daughter is not persuasive. (*See e.g.*, ECF No. 10-12 at 79, 84.) Moreover, Petitioner's claims that she notified her ex-husband of her plans to remove her daughter from the United States, that they were never legally married, and that all proceedings against her were based on fraudulent evidence are equally unpersuasive. (*See e.g.*, ECF No. 10-12 at 75-82, 90-91.)

Petitioner cannot obtain relief from the state court's divorce and child custody decision through a § 2254 proceeding. *See Lehman v. Lycoming County Children's Services Agency*, 458 U.S. 502, 511 (1982) (finding lack of jurisdiction under § 2254 to relitigate a state court's determination of parental rights.) Petitioner has also asked this Court for adjustment of her immigration status, but she must seek relief from an Immigration Judge not the district court. *See e.g. Vakker v. Attorney General of U.S.*, 519 F.3d 143, 149 (3d Cir. 2008). Finally, a habeas

9

petition is not the proper vehicle by which to seek money damages. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). For all of these reasons, the Court denies Petitioner's Order to Show Cause.

III.   CONCLUSION

In response to Petitioner's request for judicial notice, the Court permits Petitioner to file an amended petition[1] raising a new claim(s) challenging the computation of her sentence. If Petitioner chooses not to amend her petition to add a new claim(s), she must notify the Court in writing that she has chosen to proceed with her present petition. The Court denies Petitioner's Order to Show Cause.

An appropriate order follows.


Dated: 1/23/17                                                                s/ John Michael Vazquez
                                                                              JOHN MICHAEL VAZQUEZ
                                                                              United States District Judge

---

[1] Nothing in this Opinion is intended to address whether Petitioner should amend her petition or the likelihood of success of such an amendment. The Court cannot advise Petitioner whether she should amend her petition. Likewise, no determination on the merits of an amendment can be made unless and until Petitioner first amends her petition.

10