IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIA JOSE CARRASCOSA,<br><br>Petitioner,<br><br>v.<br><br>JOHN J. HOFFMAN, *et al.*,<br><br>Respondents. | HON. JOHN MICHAEL VAZQUEZ<br><br>Civil Action<br>No. 15-5956 (JMV)<br><br>**OPINION** |

**VAZQUEZ, District Judge:**

## I.    INTRODUCTION

Petitioner Maria Jose Carrascosa ("Petitioner" or "Carrascosa"), has submitted a *pro se* amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Am. Pet., ECF No. 4.)  For the reasons stated herein, the amended petition shall be dismissed without prejudice and no certificate of appealability shall issue.

## II.    BACKGROUND

This matter's procedural history is lengthy and convoluted as a result of Petitioner's routine practice of submitting voluminous, procedurally improper, and legally meritless applications and filings to the District of New Jersey, the Third Circuit, and the New Jersey state courts while simultaneously disregarding each court's procedural rules and specific filing directives.  *See*, *e.g.*, *Carrascosa v. Hauck*, No. 2:12-cv-5173 (SDW), 2013 WL 6816177, at *1 n.1 (D.N.J. Dec. 20, 2013) (detailing Petitioner's "many lawsuits and petitions" in the District of New Jersey); *In re Carrascosa*, 616 F. App'x 475 (3d Cir. 2015) (providing a succinct procedural history of many of Petitioner's filings in the Third Circuit, the District of New Jersey, and the Appellate Division of the New Jersey Superior Court (the "Appellate Division")).

The Third Circuit's opinion in *In re Carrascosa*, 671 F. App'x 856 (3d Cir. 2016) (*per curiam*), succinctly summarizes many of the facts that are germane to this Court's disposition of Petitioner's amended petition:

> In November 2009, Carrascosa was found guilty following a jury trial in the Bergen County, New Jersey Superior Court of eight counts of interference with custody and one count of fourth degree contempt of a judicial order. On December 23, 2009, Carrascosa was sentenced to an aggregate term of imprisonment of 14 years. In November 2011, the [Appellate Division] dismissed Carrascosa's direct appeal because of deficiencies in her brief. The Appellate Division then gave Carrascosa until January 27, 2012 to file a proper merits brief or suffer the permanent dismissal of her appeal. Carrascosa did not file a conforming merits brief by this date.
>
> In August 2013, Carrascosa filed a petition for writ of habeas corpus, 28 U.S.C.§ 2254, in the [District of New Jersey], challenging the 2009 conviction and sentence, *see Carrascosa v. Warden*, D.N.J. Civ. No. 12-cv-05173. The District Judge then assigned to the case, the Honorable Susan D. Wigenton, denied the petition in December 2013. On January 20, 2015, [the Third Circuit] denied Carrascosa's request for a certificate of appealability, *see* C.A. No. 14-1074, but noted in [that] order that the dismissal of the petition was without prejudice to the filing of another habeas corpus petition once state court remedies were exhausted. [The Third Circuit] subsequently denied Carrascosa's petition for rehearing *en banc*.
>
> In February 2015, Carrascosa moved in the [Appellate Division] to reinstate her appeal and to vacate that court's November 2011 dismissal. [(ECF No. 10-24.)] By order filed on March 18, 2015, the Appellate Division denied her motion. [(ECF No. 10-25.)] Carrascosa then filed a petition for writ of mandamus in [the Third Circuit], in which she argued that her habeas corpus case could now proceed because she had no remaining state court remedies.
>
> [The Third Circuit] denied the mandamus petition by way of an opinion filed on June 11, 2015, *see In re[] Carrascosa*, 616 [F. App'x] 475 (3d Cir. 2015), and noted that Carrascosa could either move [in the District Court] to have her habeas corpus case reopened or, more properly, file a new petition in the District Court.
>
> On August 4, 2015, [the present habeas matter] was opened on Carrascosa's behalf by Judge Wigenton . . . . On August 7, 2015, Carrascosa filed [her current] amended petition, in which she

> argue[s] that trial counsel was ineffective, that the prosecutor committed misconduct, and that she is actually innocent of the interference and contempt convictions. [(ECF No. 4.)] The State submitted an answer to the petition and the state court record, including the transcripts from the trial. [(*See* ECF Nos. 10 and 11.)] . . . . On November 25, 2015, Carrascosa submitted a reply to the State's answer. [(ECF No. 12.)]
>
> . . . . [This] case was reassigned . . . from Judge Wigenton to the [undersigned] on February 29, 2016.

*In re Carrascosa*, 671 F. App'x at 857-58.

As noted, the Appellate Division "dismissed Carrascosa's direct appeal [in November 2011] because of deficiencies in her brief." *Id.* at 857. The record is clear that the Appellate Division dismissed Petitioner's direct appeal only after it first provided several notices to Petitioner detailing those various deficiencies, afforded Petitioner multiple opportunities to correct her deficient appeal, and repeatedly warned Petitioner that her direct appeal would be dismissed if she did not correct those deficiencies. (*See, e.g.*, App. Div.'s Aug. 30, 2011 Order, ECF No. 10-10 at Page ID: 365, App. Div.'s Dec. 7, 2011 Order, ECF No. 10-13 at PageID: 653.) It is also clear that the Appellate Division afforded Petitioner ample time to correct her procedurally deficient appeal. Indeed, "the [Appellate Division] had indicated, as recently as September 23, 2014, that Carrascosa could still attempt to pursue a direct appeal." *In re Carrascosa*, 616 F. App'x at 477 (3d Cir. 2015).

Petitioner never corrected the filing deficiencies noted by the Appellate Division. Petitioner did, however, submit numerous other filings to that court during the pendency of her unperfected direct appeal, including motions to proceed *pro se*, to compel the production of trial evidence and transcripts, to supplement the record with new evidence and witness testimony, to vacate her criminal judgment based on this new evidence, to obtain judicial assistance in prosecuting her ex-husband, and to compel the prison administrator to present her at the Appellate

Division to file her brief. (*See*, *e.g.*, ECF Nos. 10-11 and 10-14.) In light of the foregoing, it is clear that Petitioner's failure to correct the deficiencies highlighted by the Appellate Division was not the result of her lack of access to that court; it was instead caused by her willful disregard of the Appellate Division's rules, procedures, and explicit directives to correct the noted deficiencies.

The record is also clear that after the Appellate Division dismissed Petitioner's direct appeal, Petitioner stopped pursuing additional avenues of relief in the state courts until February 2015. Tellingly, it was only *after* the Third Circuit ruled in January 2015 that Petitioner could not pursue her Section 2254 petition until she properly exhausted her state court remedies that Petitioner moved before the Appellate Division to have that court reinstate her direct appeal and vacate its prior order of dismissal. (*See* ECF No. 10-24.) Petitioner's February 2015 motion to the Appellate Division represents her only subsequent attempt to exhaust her state court remedies. Indeed, Petitioner concedes that she never appealed the Appellate Division's March 18, 2015 denial of her reinstatement motion to the New Jersey Supreme Court.[1] (Am. Pet., ECF No. 4 at PageID: 143.) The record also makes clear that Petitioner has not availed herself – at any point – of New Jersey's separate post-conviction relief ("PCR") procedures, *i.e.*, the State's procedural mechanism to collaterally attack a criminal conviction based on errors of a constitutional

_____

[1] It does, however, appear that Petitioner may have attempted to appeal the Appellate Division's March 18, 2015 decision to the United States Supreme Court, as evidenced by a June 1, 2015 letter from the Clerk of the United States Supreme Court advising that Petitioner's "petition for a writ of certiorari is denied." (ECF No. 10-26.) That said, this Court is unable to glean from that letter what the particular subject of Petitioner's certiorari petition was. The Court notes that to the extent Petitioner's certiorari application concerned the Appellate Division's denial of her motion to reinstate her direct appeal, the judicial discretion of the Supreme Court would countenance against consideration of that application as "no state court of last resort" has yet ruled on the merits of Petitioner's underlying motion to reinstate. *See* Rule 10(b) of the Rules of the Supreme Court of the United States.

dimension that occurred during trial and/or on direct appeal and that were not and/or could not have been raised on direct appeal.

In her current habeas petition, Petitioner avers that in light of the Appellate Division's March 18, 2015 order denying her motion to reinstate her direct appeal, she has now "[e]xhaust[ed] the State venue [thereby] rendering any remedies futile, if any available, which they are not, as it is proven by the history of the case." (Am. Pet., ECF No. 4 at PageID: 143.) Petitioner has previously explained – in a more articulate fashion – that she failed to pursue additional avenues of relief in the state courts because she believes the courts of New Jersey will not provide her the relief she seeks. (*See* Pet'r's July 29, 2015 Br., ECF No. 71-1 in Civil Action No. 2:12-cv-5173, at PageID: 6166 ("The State of New Jersey will never provide a lawful remedy to Carrascosa. Ten and a half years of malicious prosecution and of Legal Actions, and nine of imprisonment prove her efforts to be futile and the State's continual denial of Justice to her. . . . Only the Federal Courts . . . can remediate this situation[.]").) In other words, Petitioner has indicated that she believes that she is entitled to subvert additional state court review and instead pursue her habeas claims in federal court based on her belief that the New Jersey courts will not grant her the relief she seeks.

Consistent with this assertion, on May 1, 2015 – less than two months after the Appellate Division denied Petitioner's motion to reinstate her appeal on March 18, 2015 – Petitioner filed a mandamus petition before the Third Circuit in which she argued for that court's "interven[tion] in her habeas case because she has now exhausted her state remedies" and asked that court to "vacate her conviction and exonerate her." *In re Carrascosa*, 616 F. App'x at 477 (3d Cir. 2015). In denying that mandamus petition, the Third Circuit emphasized "that whether Carrascosa has now

fully exhausted her state remedies in view of the Appellate Division's [March 18, 2015 order] is a matter for the District Court to decide in the first instance." *Id.* at 478.

With this background in mind, this Court turns to the substantive claims. Petitioner's current § 2254 petition asserts eights grounds: (1) "ineffective counsel and defective defense unconscionable"; (2) "Falsified evidence"; (3) "Prosecutorial misconduct. Malicious prosecution"; (4) "The prosecution and its main witness and his police deputy lover/wife tampered with the defense witness to secure they would not testify in Carrascosa's favor at trial"; (5) "Actual Innocence"; (6) "Bias, Prejudism [sic], Abuse of Discretion, Judicial Misconduct[,] and Trial Court Wrongful Rulings"; (7) "The undue influence, political interference with the administration of justice in proceedings did not afford Carrascosa [] due process"; and (8) "Petition for habeas corpus from institutional charges, where Carrascosa was entrapped and falsely accused [without being afforded due process.]" (ECF No. 4.)

With respect to Petitioner's ineffective assistance of counsel claim, Petitioner asserts that "counsel was physically absent in crucial stages of proceedings" and that when he was present,

> his performance was beyond the standard of practice in New Jersey and U.S. denying Petitioner a Due Defense and Due Process and Fair Trial. He should have moved to suppress the false evidence offered by State and its witnesses and he didn't. He even proceeded to stipulate false evidence (23 falsified documents purported from Spain, entered by State) as truthful and undisputed. . . . He did not move to suppress perjured testimony, nor the illegal evidence, [and] he engaged in the malicious prosecution of his client.

(ECF No. 4 at Page ID: 145.) As to Petitioner's admitted failure to exhaust her state remedies on her ineffective assistance of counsel claim specifically – by perfecting her direct appeal in the Appellate Division, pursuing that direct appeal in the New Jersey Supreme Court (if necessary), and/or subsequently pursuing that claim in PCR proceedings in the state court – Petitioner states

that "[t]here was no need to. On August 3[,] 2010[,] Chief Justice Edwin Stern of the Appellate Division enter[]ed an order that read as follows: '. . . . [Carrascosa] may move for a remand to file a motion for new trial in the Law Division.'" (ECF No. 10-27.) It is undisputed that Petitioner never filed any such motion, and that no such remand ever occurred.

Respondents indicate that Petitioner's habeas petition should be dismissed in its entirety because she has failed exhaust available state remedies on any of her habeas claims prior to filing her current habeas petition. (ECF No. 11 at PageID: 1453-55.) Respondents' argument is supported by the undisputed facts of record, which demonstrate that Petitioner failed to perfect her direct appeal in the Appellate Division and never presented any of her habeas claims to the New Jersey Supreme Court. Respondents additionally assert that because Petitioner's ineffective assistance of counsel claim is premised, in part, on factual allegations that cannot be resolved based solely on the trial record, this specific claim could only be exhausted during PCR proceedings. (*Id.* at PageID: 1455-59.) Respondents further aver that it is uncertain that the New Jersey courts would find that Petitioner is currently foreclosed from pursuing PCR relief in the state courts. (*Id.*) Respondents argue that Petitioner's failure to pursue this claim via PCR proceedings in the state courts presents an additional reason for this Court to find that Petitioner has failed to exhaust all available state court remedies prior to filing her current habeas petition. (*Id.*) The Court agrees.

## III.    LEGAL STANDARD AND ANALYSIS

### A.  Exhaustion of State Court Remedies

A federal court may consider a habeas petition filed by a state prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not, however, grant a writ of habeas corpus under § 2254 unless that prisoner has exhausted her state court remedies as to each of the issues presented in her habeas petition. 28

U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 518 (1982). This exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before these claims are presented to the federal courts."[2] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (indicating that a state prisoner must exhaust his available state remedies before seeking federal habeas relief); *Newton v. Phelps*, 943 F. Supp. 2d 494, 499 (D. Del. 2013) ("[o]ne prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts.") (citing 28 U.S.C. § 2254(b)(1)).

"A petitioner satisfies [this] exhaustion requirement by 'fairly presenting' the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits." *Garvey v. Phelps*, 840 F. Supp. 2d 782, 785 (D. Del. 2012); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). In other words, a petitioner must pursue his federal habeas claims in a procedurally appropriate manner in "the highest state court before bringing them in federal court." *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007) (citing *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002) (quoting *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002))).

Consistent with the foregoing:

> A petitioner exhausts state remedies by presenting federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-

---

[2] "This [exhaustion] requirement ensures that state courts have an initial opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Leyva v. Williams*, 504 F.3d 357, 365 (3d Cir. 2007) (citing *United States v. Bendolph*, 409 F.3d 155, 173 (3d Cir. 2005) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981))); *see also Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000); *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). "Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review." *King v. Ortiz*, No. 3:06-cv-6228 (MLC), 2008 WL 352863, at *2 (D.N.J. Feb. 7, 2008) (citing *Lundy*, 455 U.S. at 519).

conviction proceedings. *See, e.g.,* [*O'Sullivan*, 526 U.S. at 838] ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); [*Lambert*, 134 F.3d at 513] (collateral attack in state court is not required if petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. *Picard v. Connor*, 404 U.S. 270, 275 (1971); [*Castille*, 489 U.S. at 350].

The petitioner generally bears the burden to prove all facts establishing exhaustion. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). . . .

Where any available procedure remains for the applicant to raise the question presented in the state courts, the applicant has not exhausted the available remedies. 28 U.S.C. § 2254(c).

Moreover, the exhaustion doctrine is a "total" exhaustion rule. That is, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims[, *i.e.*, mixed petitions]" *Lundy*, 455 U.S. at 522.

*King v. Ortiz*, 2008 WL 352863, at *2 (D.N.J. Feb. 7, 2008).

## B. All of Petitioner's Habeas Claims Remain Unexhausted

Here, the record makes clear that the Appellate Division dismissed Petitioner's direct appeal in 2012 after she failed to address the numerous filing deficiencies highlighted by that Court, and subsequently denied Petitioner's February 2015 request to reinstate her appeal. It is undisputed that Petitioner failed to appeal either of these rulings to the New Jersey Supreme Court. As such, Petitioner has not yet presented any of the claims now being advanced to each level of the state courts empowered to hear those claims. Petitioner's failure to do so precludes this Court from considering the merits of any of her habeas claims at this time. *See Juarez v. Woodford*, No. C 01-4172 PJH (PR), 2002 WL 1677719, at *1 (N.D. Cal. July 22, 2002) (dismissing § 2254

petition as unexhausted where "at the time [petitioner's § 2254] petition was filed he had not presented his present claims to the highest state court available, the Supreme Court of California."); *accord McLaughlin v. Shannon*, 454 F. App'x 83, 86 (3d Cir. 2011) (*Lundy* "prevent[s] review of unexhausted habeas claims . . .") (citing *Urcinoli v. Cathel*, 546 F.3d 269, 276 (3d Cir. 2008)); *Aruanno v. Sherrer*, 277 F. App'x 155, 156 (3d Cir. 2008) (habeas petitioner's state court conviction "became final for federal habeas filing purposes . . . *after* the state supreme court denied review of his direct appeal.") (emphasis added) (citing 28 U.S.C. § 224(d)(1)(A)); *Newton*, 943 F. Supp. 2d at 502 ("[P]etitioner's failure to appeal the Superior Court's [relevant rulings] to the Delaware Supreme Court means that he did not exhaust state remedies for the claim."); *Pombrio v. Hense*, 631 F. Supp. 2d 1247, 1253 (C.D. Cal. 2009) ("because the claims alleged in the Petition were presented in a procedurally defective manner in which their merits were not considered [by the California Supreme Court], Petitioner's claims are unexhausted for federal habeas purposes."); *McClain v. Duckworth*, 569 F. Supp. 840, 842 (N.D. Ind. 1983) ("this court declines to hold that petitioner's 'shotgun' approach to filing numerous [and variously captioned] pleadings among different state and federal courts constitutes compliance with the statutory mandate of exhaustion.").

With respect to Petitioner's ineffective assistance of counsel claim, in addition to her failure to exhaust that claim before the New Jersey courts, Petitioner also failed to pursue this claim through New Jersey's separate PCR mechanism. Many of the allegations in support of that claim could only be appropriately resolved during PCR proceedings. As the Third Circuit has observed:

> "Ineffective-assistance-of-counsel claims are particularly suited for post-conviction review because they often cannot reasonably be raised in a prior proceeding." [*State v. Preciose*, 609 A.2d 1280, 1285 (N.J. 1992)]. . . . [The *Preciose*] Court emphasized its "general

policy against entertaining ineffective-assistance-of-counsel claims on direct appeal because such claims involve allegations and evidence that lie outside the trial record." *Id.* . . .

There is no explicit statement in *Precise* or the New Jersey Rules of Court that requires a defendant to pursue his ineffective assistance claims in the post-conviction setting. N.J.R. § 3:22-1 ("Any person convicted of a crime may, pursuant to this rule, file ... a petition for post-conviction relief...."). However, the expected procedure is clear: Where evidence outside the record is required to prove ineffective assistance claims, such claims are to be pursued post conviction. *See State v. Castagna*, 187 N.J. 293, 901 A.2d 363, 376 (2006) ("[W]e cannot determine whether D'Amico had agreed in advance with defense counsel's trial strategy. . . . If D'Amico had agreed in advance with defense counsel's trial strategy, then defense counsel's conduct was not plainly ineffective. The answers to these questions lie outside the record and must await a post-conviction relief petition.") . . . .

A number of New Jersey courts have followed the presumption in *Precise* that where the factual record as to ineffective assistance is insufficient on direct appeal, the defendant has the right to raise that claim again in post-conviction proceedings where the necessary facts can be explored[.]

*Ellison v. Rogers*, 484 F.3d 658, 660-61 (3d Cir. 2007)

Consistent with *Ellison* and *Precise*, the Court finds that Petitioner's trial did not produce an "adequately developed record to support [Petitioner's ineffective assistance of counsel] claims." *Id.* at 661. Petitioner's claims are similar to those made in *Ellison*: "[Petitioner claims via her current habeas petition] that [her attorney] . . .conspired with the prosecutor[,] . . . that perjured testimony was used against [her], [that she] was selectively prosecuted, and that exculpatory evidence was not disclosed." *Ellison*, 484 F.3d at 660-61. Thus, "[p]roof of these claims lies outside of the trial record and would require an evidentiary hearing [which] would have properly been conducted following a petition for post-conviction relief." *Id.* The Court therefore finds additional support for its dismissal of Petitioner's habeas petition as unexhausted because

"[Petitioner] did not exhaust [these additional PCR] remedies under state law [with respect to her ineffective assistance of counsel claim.]" *Id.* Indeed, as the *King* court noted:

> [Petitioner] could have raised [her] ineffective assistance of counsel claim in state court by way of a state PCR petition. [Petitioner] did not do so, and [she] does not suggest that [she] filed in this Court out of confusion or is pursuing [her] unexhausted claim in state court contemporaneously with this action to avoid delay. . . . [nor has she requested] that this Court stay [her] petition [while she pursues that claim in state court.]

*King*, 2008 WL 352863, at *5. "Accordingly, the Court is constrained to dismiss the entire petition for failure to exhaust as required under 28 U.S.C. § 2254." *Id.* at *5 (citing *Lundy*, 455 U.S. at 510).

### C. This Court Is Presently Unable to Conclude That Petitioner's Claims Are Procedurally Barred

The Court recognizes that "[w]hen a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.'" *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) (citing 28 U.S.C. § 2254(b)). "In such cases . . . applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default."[3] *McCandless*, 172 F.3d at 260 (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). That said, "if a possibility remains that the [state's highest court] will consider [a habeas] claim,

---

[3] To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during her trial created more than a possibility of prejudice; she must show that the errors "worked to [her] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Id.* at 494.

then [that claim] is unexhausted and [should instead] be dismissed [without prejudice]." *Pombrio*, 631 F. Supp. 2d at 1251; *accord Marchand v. Tyson*, 560 F. Supp. 882, 885 (N.D. Ind. 1983) ("It is not for this Court to weigh the relative likelihood of success petitioner's post-conviction filing might meet in state court; so long as petitioner is afforded a post-conviction vehicle by which to present the issues now before this Court to the state courts first, the petition must be dismissed for failure to exhaust.").

While this Court believes it is unlikely that the New Jersey Supreme Court will consider the merits of the claims advanced in Petitioner's direct appeal at this juncture, in the absence of any express ruling from that court, this Court is unable to definitively conclude that Petitioner's habeas claims are procedurally barred at this time. *Mathis v. Attorney Gen. of New Jersey*, --- F. App'x ---, 2018 WL 1904818, at *3 (3d Cir. Apr. 23, 2018) ("'[W]e will not presume how the state courts would rule on' procedural default and, rather than dismissing with prejudice on that ground, will merely 'dismiss[ ] . . . without prejudice for failure to exhaust state remedies.'") (citing *Toulson*, 987 F.2d at 989); *see also Lines v. Larkins*, 208 F.3d at 153, 159-60 (3d Cir. 2000). Similarly, with respect to Petitioner's failure to pursue her ineffective assistance of counsel claim in separate PCR proceedings, the Court notes that "New Jersey's limitation period for filing PCR petitions in non-capital cases is '5 years after rendition of the judgment or sentence sought to be attacked unless it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect.'" *Aruanno*, 277 F. App'x at 156 (citing N.J. Court R. 3:22-12(a)). Again, the Court will not interject its own findings on the timeliness of such a petition where Petitioner has never attempted to pursue post-conviction relief in the New Jersey courts prior to filing her habeas petition in this Court. *Mathis*, 2018 WL 1904818, at *3 n.5 (noting that because New Jersey's five-year limitation to initiate PCR proceedings "is sometimes relaxed by the state courts, . . . it is

best for the state courts to make those determinations in the first instance.") (citing *Toulson*, 987 F.2d at 989).

In sum, Petitioner's habeas petition is unexhausted because Petitioner has not fairly presented any of her habeas claims to the New Jersey Supreme Court. *Pombrio*, 631 F. Supp. 2d at 1253. As such, her habeas petition is dismissed without prejudice. *Mathis*, 2018 WL 1904818, at *3 (finding that non-prejudicial dismissal of habeas petition appropriate where neither party claimed that petitioner had no further remedies in the state courts and where the state never previously relied on a procedural rule in earlier proceedings to prevent review of a habeas claim). If Petitioner does properly exhaust her claims in the future, she may at that time file a new habeas petition in this Court.[4]

## D. Certificate of Appealability

A petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of her state court conviction unless she has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate

---

[4] This Court expresses no opinion on whether this action is timely or not, or whether any subsequent federal petition filed by Petitioner will be timely or time-barred. This Court does note, however, that any subsequent federal habeas petition which Petitioner may file will be a new and separate habeas petition, which will *not* relate back to the filing date of the current petition. *Pombrio*, 631 F. Supp. 2d at 1253 n.2. The Court emphasizes that Petitioner's habeas petition remains fully unexhausted and that Petitioner has not sought to avail herself of the stay-and-abeyance procedure detailed in *Rhines v. Weber*, 544 U.S. 269 (2005). Instead, Petitioner claims that this Court should rule on the substance of her habeas claims because additional pursuit of her still-unexhausted state court remedies would be futile. (*See* Am. Pet., ECF No. 4 at PageID: 143.) This Court is likewise unable to independently find that Petitioner has otherwise "satisfied the three requirements for a stay as laid out in *Rhines*: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." *Heleva v. Brooks*, 581 F.3d 187, 192 (3d Cir. 2009) (citing *Rhines*, 544 U.S. at 278).

to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As jurists of reason could not disagree with this Court's resolution, the Court shall deny Petitioner a certificate of appealability.

## IV.    CONCLUSION

For the reasons stated above, Petitioner's amended habeas petition will be dismissed without prejudice.  A certificate of appealability shall not issue.  An accompanying Order will be entered.


August 8, 2018                                              s/ John Michael Vazquez
Date                                                               JOHN MICHAEL VAZQUEZ
                                                                       United States District Judge